MANUEL TORRES OZORES, demandante y apelado, *v.* José LUIÑA ALVAREZ, demandado y apelante.

No. 5728.—*Sometido:* Enero 11, 1933, *Resuelto:* Enero 20, 1933.

*Monserrat & Monserrat* y *José J. Calderón,* abogados del apelante; *E. Martínez Rivera,* abogado del apelado. ·

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 17 de agosto de 1928, Manuel Torres Ozores hipotecó una finca urbana que se describe en la demanda a José Luiña Alvarez para garantizarle un préstamo de $5,000, el pago de los intereses al 10 por ciento anual y la indemnización de los gastos, costas y honorarios de abogado en caso de reclamación judicial, hasta $500 de crédito adicional. En 17 de noviembre de 1928, Manuel Torres Ozores constituyó hipoteca sobre la misma finca a favor de José Luiña Alvarez

para garantizarle un préstamo de $600, el pago de los intereses al 10 por ciento anual y la indemnización de los gastos, costas y honorarios de abogado en el caso de reclamación judicial hasta $150 de crédito adicional.

El acreedor hipotecario inició procedimiento ejecutivo contra el deudor para el cobro de su crédito y en la orden de requerimiento se fijó la cantidad de $500 para costas, gastos y honorarios de abogado en la primera hipoteca, y $150 en la segunda para los mismos fines. Se vendió la finca en pública subasta y el entonces demandado y ahora demandante, Manuel Torres Ozores, solicita la nulidad del procedimiento ejecutivo basándose en que el inmueble se vendió sin antes haberse trabado embargo sobre el mismo y sin que fueran liquidados las costas, gastos y honorarios de abogado.

La Corte de Distrito de San Juan declaró con lugar la demanda y nulo el procedimiento ejecutivo con los demás pronunciamientos del caso. También se declaró con lugar la reconvención presentada por el demandado, a quien se condenó al pago de costas. El demandado apeló de la sentencia, atribuyendo a la corte inferior, entre otros, el error de haber decretado la nulidad del procedimiento ejecutivo basándose en que en dicho procedimiento no se liquidaron ni por la corte ni por las partes las costas, gastos y honorarios de abogado. Éste es, en realidad, el único fundamento que sirvió de base a la corte para dictar su sentencia.

El artículo 170 del Reglamento de la Ley Hipotecaria dispone que se requiera al deudor para el pago de la suma reclamada, con las costas, si también estuvieren hipotecariamente garantidas. El artículo 128 de la Ley Hipotecaria dice, en su inciso quinto, que la finca ejecutada no responde de las costas que se causen, a no constar inscrita en el registro la cantidad indispensable para su atención, lo cual equivale a decir que estando las costas inscritas, la finca responde del pago de las mismas. Galindo y Escosura, en la página 307 del tomo 3ro. de sus Comentarios a la Ley Hipotecaria Española dice que el primer acreedor

hipotecario sólo tiene preferencia respecto al segundo en el capital e intereses de dos años y la parte vencida del tercero: las costas gozan igual privilegio cuando en la escritura se señala una cantidad determinada para su pago, y responde de ella la finca.

Cuando la cantidad fijada para costas en el contrato de hipoteca ha sido inscrita en el registro de la propiedad, el acreedor tiene tanto derecho a que se requiera al deudor de pago por las costas así garantidas como por la suma principal. Esta corte, en el caso de *Arsuaga* v. *Corte,* 43 D.P.R. 1007, se expresó en los siguientes términos:

"La propia Ley Hipotecaria reformada fué lá que permitió también el cobro de las costas por la vía sumarísima al prescribir, en el propio artículo 128 que lo regula, lo que sigue: 'La finca hipotecada no responde de las costas que se causen, a no constar inscrita en el registro la cantidad indispensable para esa atención'. Cuando consta, se ordenará el requerimiento incluyendo su pago en la forma prescrita en el artículo 170 del Reglamento, siendo su cobro la consecuencia lógica de lo acordado en el contrato y lo dispuesto en la ley.

"Si ello es así, si las costas garantizan y se cobran por el procedimiento sumarísimo hipotecario, para que éste pueda desarrollarse sin interrupciones, debe entenderse que se trata de una suma líquida, previamente discutida, acordada y fijada por las partes para el caso de que una de ellas, el acreedor, se viera obligado a acudir a la vía judicial para el cobro de su crédito. Y ése ha sido en verdad el constante entendimiento de las propias partes contratantes y de la abogacía en Puerto Rico por cerca de cuarenta años, llegando en tal virtud a constituir una regla de propiedad que debe respetarse."

En el caso de *Raimundo Balet* v. *Jesús María Dávila,* recientemente resuelto por este tribunal (ante p. 51), se ratifica la doctrina sentada en el caso de *Arsuaga* v. *Corte* que acabamos de citar. Entendemos que la orden de requerimiento dictada en el procedimiento ejecutivo que se trata de anular se ajustó a las disposiciones de la Ley Hipotecaria y su reglamento, y que *debe revocarse la sentencia apelada, sin especial condenación de costas.*